IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HATCHIGIAN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : NO. _____ |
| JOHN J. WHELAN, GIBSON & PERKINS P.C., PAUL FELLMAN, ESQ., THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQ. MICHAEL ALAN SIDDONS, ESQ., DAVID MARDINLY and MARDINLY ENTERPRISES, LLC | : |
| Defendants. | : |

Plaintiff, David Hatchigian ("Plaintiff"), brings this action against John J. Whelan, in his official capacity as a judge of the court of Common Pleas of Delaware County, PA., Gibson & Perkins, P.C., Paul Fellman, Esq., the Law Office of Michael Alan Siddons, Esq., Michael Alan Siddons, Esq., David Mardinly and Mardinly Enterprises, LLC seeking relief for violations of his constitutional rights under 42 U.S.C. § 1983.

a. **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff raises claims under the U.S. Constitution and 42 U.S.C. § 1983

2. Venue is proper under 28 U.S.C. § 1391(b) as the events giving rise to this lawsuit occurred in Delaware County, Pennsylvania.

1

**b.     PARTIES**

3.     Plaintiff David Hatchigian is a resident of Pennsylvania.

4.     Defendant John J. Whelan is a judge in the Court of Common Pleas of Delaware County, PA. ("Judge Whelan"), with a service address located at Office of Judicial Support Government Center Building, Room 126 201 West Front Street Media, PA 19063 Phone: (610) 891-4370.

5.     GIBSON & PERKINS P.C. is a law firm doing business in the state of Pennsylvania with an office located at SUITE 204 100 WEST SIXTH STREET MEDIA, PA 19063 610.565.1708 | 610.565.4358 [FAX].

6.     Defendant PAUL FELLMAN, ESQ. ("Fellman") is an attorney practicing law within the state of Pennsylvania and employed by defendant GIBSON & PERKINS P.C., SUITE 204 100 WEST SIXTH STREET, MEDIA, PA 19063. Attorney Fellman represented David Mardinly and Mardinly Enterprises LLC in the state proceeding.

7.     Defendant MICHAEL ALAN SIDDONS, ESQ. ("Siddons") is an attorney practicing law within the state of Pennsylvania and employed by THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQ., 230 N. MONROE STREET, P.O. BOX 403, MEDIA PA. 19063.  Attorney Siddons also represented David Mardinly and Mardinly Enterprises LLC in the state proceeding.

8. Defendant MARDINLY ENTERPRISES, LLC ("MEL") is an automotive repair shop located in Delaware County, 701 Parkway BLVD Broomall Pennsylvania, 19008 and does regular business in Pennsylvania.

9. Defendant DAVE MARDINLY ("Mardinly") is the owner and operator of Defendant MARDINLY ENTERPRISES, LLC and resides in Delaware County.

10. MEL, David Mardinly and their counsel in the state proceeding are collectively referenced herein below as "the Mardinly Parties".

c. **FACTUAL ALLEGATIONS**

**Delaware County Common Pleas Court (No. CV-2021-006274) [Hereinafter "State Court Proceeding"]**

11. Judge Whelan denied all three pro se Motions to Compel based on this logic, thereby depriving pro se Plaintiff of all normal access to discovery in the state proceeding, while overlooking the Mardinly Parties' role in the discovery delays and refusal to be deposed on March 13, 2023.

12. With the assistance of the Mardinly Parties, Whelan furthered the non-enforcement of District Justice D'Agostino's Order for Repair Reconstruction [EX. A (Complaint-16 to Complaint-18)], despite owner Mardinly's conflicting and inconsistent accounts of the repair at issue to the arbitrator, the trial court and the State Attorney General.

13.   Judge Whelan thereby systematically denied pro se Hatchigian due process in the state proceeding, and failed to recuse himself despite this evidence of bias, violating *Caperton v. Massey Coal Co.*, 556 U.S. 868 (2009).

14.   Mardinly's pretrial refusal to be deposed on March 13, 2023 was not sanctioned, and as result, defendant MEL was able to evade production and depositions under the original scheduling order. On September 13, 2022, having facilitated MEL's delay long enough for the scheduled discovery deadlines to expire, Whelan entered a Supplementary Trial Assignment/Case Management Order listing trial dates for July 14 -August 11, 2023.

15.   Whelan dismissed owner Mardinly from the case on June 23, 2023 [EX. B, (Complaint-24)], but admitted Mardinly's hearsay testimony at the jury trial held on September 11, 2023 [EX E], despite MEL's pretrial refusal to be deposed or respond to any discovery demands, and despite that Mardinly's testimony was superfluous in light of mechanic Zhekhov's firsthand testimony based on performing the repair. Whelan did not sanction Zhekhov's and the Mardinly Parties noncompliance with Plaintiff's pretrial subpoenas. [EX. E (Complaint-149 to Complaint-151) The location of the repaired wire was continually obfuscated when MEL should have been responding to Plaintiff's discovery demands, and witness Zhekov appear on the day of trial to give his surprise version of the repair, the fifth version of the repair at issue to be presented by the Mardinly Parties.

16. Owner Mardinly's nonparty hearsay account of the contracted for fuel computer wire replacement relied strictly on his secondhand knowledge of the repair, and this secondhand account also contradicted MEL's statement to the Attorney General, which referenced a manifold wire: "The tech found that a wire had shorted on the manifold causing the fuse to blow"

17. Whelan's one-sided evidentiary ruling admitting Mardinly's hearsay testimony contrasts sharply with Whelan's finding that the Attorney General's written statements to *pro se* Hatchigian constituted inadmissible hearsay [See EX. E, p. 58 (Complaint-141) ( ".....I'm going to decide it myself and you are going to have an opportunity to address it to me as it relates to Consumer Protection Law and Unfair Trade Practices. Okay. Plus anything that the Attorney General would have said or done is hearsay.")]

18. Judge Whelan continued to be motivated by bias and would have been on notice of MEL's position that it spent the eight (8) hours charged to Plaintiff's credit card to remove the intake manifold itself, and that there was no fuel computer wire to be accessed by doing so.

19. **MEL predictably showed no proof of the claimed engine disassembly supposedly required to complete the contracted for repair of switching out the blown fuse in the vehicle's fuel computer – before or after trial – as the claimed repair was never performed and no such proof existed.**

20. Whelan ultimately failed to address that:

5

    i.    MEL responded to plaintiff repair verification request with the three (3) conflicting versions of the repairs performed and deceptive photographs of a different vehicle.

    ii.    MEL did not comply with the order to enforce Plaintiff's statutory right to repair reconstruction (pursuant to the Pennsylvania consumer protection statute and Justice D'Agostino's Repair Reconstruction Order pursuant to Chapter 301 of same)

    **iii.**    **Owner Mardinly's field was not designated for licensure in the state of Pennsylvania and was never certified as an expert in automotive repair.**

    iv.    MEL named no trial expert to testify as to the disassembly process

21. Whelan did not find any of the aforementioned conduct sanctionable.

22. Having denied Plaintiff's Rule 201 Crossmotion for Judicial Notice (filed July 3, 2023), and declined to take judicial notice of owner Mardinly's criminal conviction and correspondence with the state Attorney General's Office or MEL's pretrial discovery abuses, Judge Whelan granted MEL's *in limine* request to exclude all Magisterial District Court and Arbitration transcripts.

23. On September 11, 2023 trial, Whelan went beyond his judicial authority to further withhold from the jurors:

    i.    all testimony by *pro se* Hatchigian as to where the fuel computer in his own vehicle (the part of the vehicle MEL contracted to repair), was located.

    ii.    all manufacturer's schematics for Plaintiff's Ford vehicle and

24. Whelan dismissed Plaintiff's negligence cause of action based on Fellman's late motion and despite evidence of MEL's breach of the parties' repair services contract, which constituted a deceptive business practice under Chapter 301

Automotive Industry Trade Practices, issued under §3.1 of the Unfair Trade Practices and Consumer Protection law (73 P.S. § 201-3.1):

WHELAN: It's really breach of contract. This is a breach of contract action. And that's what the jury's going to be instructed on, is breach of contract. Mr. Hatchigian can bring up that either the work wasn't done that he contracted for or was excess of what he contracted for. He can bring up faulty repairs or whatever he wants as it relates to contractual action in this particular matter. But nothing to do with the Unfair Trade Practices Act. And for it is really not a negligence case. I mean, negligence is completely different. Okay."

    MR. SIDDONS: "Thank you, Your Honor." )


[EX E (Complaint-89)]

See also, (".....I'm going to decide it myself and you are going to have an opportunity to address it to me as it relates to Consumer Protection Law and Unfair Trade Practices. Okay. Plus anything that the Attorney General would have said or done is hearsay. Okay.") [EX E (Complaint-141)]

    25.    At trial, Whelan dispensed with any evidence that might impeach the credibility of nonparty Mardinly's hearsay testimony regarding the services contract, including a criminal conviction listing Receipt of Stolen Goods and sentencing of nine (9) Months' Imprisonment plus three (3) Years' Supervised Release, with a $15,000 Fine, a $100.00 Special Assessment, Criminal Dkt Case No. 2:02-cr-00483-LDD-1, U.S. Dist. Ct., Eastern District of Pennsylvania (Philadelphia)] Based on the term of owner Mardinly's Supervised Release and his satisfaction of the financial penalties

portion of the judgment in 2010, the conviction was not yet twenty (20) years-old when MEL sent the fraudulent invoice.

26. Whelan was on notice that Owner Mardinly's conviction was theft related and could be admitted as impeachment evidence. The offense charged specifically involved the receipt of stolen motors, showing that MEL's owner-operator had a history of financial crimes relating to repair services that further disqualified him from testifying second hand, as a dismissed nonparty, to the scope and quality of the repairs purportedly performed.

27. Whelan's dismissal of plaintiff's Negligence claim was itself issued despite Mardinly's refusal to be deposed prior to trial, MEL's failure to comply with the Order Pursuant to Chapter 301 Automotive Industry Trade Practices, issued under §3.1 of the Unfair Trade Practices and Consumer Protection law (73 P.S. § 201-3.1) and owner Mardinly's varying accounts as to what repairs performed the arbitration panel, the state Attorney General's Office and the jury. [EX. E (Complaint -89)]

28. In view of the state court's willingness to deny discovery, Fellman summarized to the jury that Plaintiff took his vehicle without paying, knowing his false statements would not be sanctioned by Whelan. [EX. E (Complaint-260, line 14]

29. Whelan subsequently denied all post-trial relief. (September 24, 2023), and having secured victory with Whelan's assistance, the Mardinly Parties "sealed the deal" on November 11, 2025, avoiding any response to Plaintiff's Petition for Allowance. [See EX.'s C & D.]

30.  Whelan was still driven by the operative bias when he recommended on December 6, 2023 that Plaintiff's appeal be quashed, minimizing the absence of required E-filing notification in the state proceeding. [See EX C (Complaint- 25 to Complaint-80)] Plaintiff's appeal was quashed was quashed as a result.

31.  Throughout the state proceeding, Whelan and the Mardinly Parties jointly glossed the failure to provide *pro se* Plaintiff with any conforming notice (or notice in an alternative form) under Pa. r. 236. They intentionally avoided notifying the trial court or the Pennsylvania Superior Court as to the lack of timely service of the court's E-filing notices in the state proceeding. [EX C]

32.  At all relevant times, the joint goal of Whelan and the Mardinly Parties was to procure the dismissal of all of *pro se* Hatchigian's claims against defendant MEL by fraud, and thereby reduce Dave Mardinly's exposure to a judgment of liability and treble damages thereby.

33.  At all relevant times before during and after trial, the Defendants acted under the color of law and with notice that their intentional and fraudulent acts were likely to procure dismissal and the denial of due process thereby.

34.  As a result of Whelan's refusal to address (let alone sanction) MEL's discovery abuses and delays, *pro se* Plaintiff was denied his right to conduct any discovery, could not move for summary judgment, was forced to try his claims without the benefit of the discovery to an unfavorable verdict, and was thereby denied due process.

9

35. As a result of MEL's delays and Whelan's inaction and acts under the color of law, the jury trial in the state proceeding was conducted absent MEL's responses Interrogatories, Requests for Production and Notice for Admissions. See *In re Tecce*, 2593 EDA 2023, J-S28045-24 (Pa. Super. Ct. Nov 18, 2024)("The purpose of the discovery rules is to 'prevent surprise and unfairness and to allow a fair trial on the merits.'")

36. As a result of Whelan's failure or refusal to supervise discovery, Plaintiff was forced to try each of his claims without the benefit of the withheld discovery.

37. The aforementioned acts and omissions by Whelan and the Mardinly Parties changed the outcome of the state proceeding, which would have resulted in a judgment in Plaintiff's favor and the award of damages but for Whelan's conduct.

38. As a result of the aforementioned acts and omissions by Whelan and the Mardinly Parties, *pro se* Plaintiff was denied civil due process

39. As a result of the aforementioned acts and omissions by Whelan and the Mardinly Parties, *pro se* Plaintiff was deprived of his right to judicially supervised case discovery conducted in accordance with the rules of civil procedure; and Denied a civil jury trial on the merits;

d. **LEGAL CLAIMS**

## COUNT I – VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)
### [against JOHN J. WHELAN]

40. The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of Count I.

41. Judge Whelan denied Plaintiff procedural due process by unlawfully depriving *pro se* Plaintiff of any meaningful discovery in the state proceedings.

42. Whelan waited eight (8) months to deny Plaintiff's Motion to Compel for failing to attach a Delco cover sheet, after the Delaware County Prothonotary accepted the motion without the cover sheet.

43. Upon Plaintiff's compliance with the cover sheet requirement and filing the same motion with a cover sheet the very next day, Judge Whelan then waited an additional three (3) months to deny Plaintiff's motion a second time and did not reschedule the defaulted March 13, 2023 deposition.

44. Whelan denied Plaintiff's Motion for Extraordinary Relief and refused to extend any discovery dates, or compel the outstanding discovery and depositions.

45. The Mardinly Parties' averted any obligation to produce the requested documents even after defaulting in their appearance at the March 13, 2023 deposition, and Whelan's denying all three motions to compel the outstanding discovery as well as *pro se* Plaintiff's Motion for Extraordinary Relief insured that his pro se claims were all forfeited.

46. Whelan acted beyond his authority by allowing MEL to consume all of the time afforded under the Case Management Order in effect and all discovery deadlines to expire, only to inform *pro se* Hatchigian at trial that it was due to his own

11

default that his right to depose MEL in any manner had already been exercised by way of arbitration, which was not true. [EX. E, Complaint-152 to 153]

47. Exceeding his discretion Whelan failed to meaningfully supervise discovery in accordance with the rules of civil procedure and repeatedly violated his obligations to the parties and the trial court in the state proceeding.

48. At trial, Whelan again denied procedural due process by admitting hearsay testimony from Alex Zhekhov, the trial witness who ignored plaintiff's pretrial subpoenas. [EX. E (Complaint-149 to Complaint-15)]

49. Having previously dismissed owner Mardinly from the action at the June 23, 2023 summary judgment hearing, Whelan further denied Plaintiff procedural due process by ruling out Plaintiff's impeachment evidence, despite being on notice that Mardinly had previously given varying accounts of the services contract with Hatchigian and the repair services at issue to the arbitrator, the state Attorney General's office and the jury, respectively.

50. Before during and after trial in the state proceeding, Whelan acted in concert with the Mardinly Parties to deprive Plaintiff of his right to discovery and the right to a jury trial on the merits, in violation of the Fourteenth Amendment.

51. Whelan's conduct falls beyond the scope of judicial immunity.

WHEREFORE, Plaintiff, David Hatchigian, demands damages in THE SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial.

### COUNT II – CIVIL CONSPIRACY (42 U.S.C. § 1983)
### [against all Defendants]

52. Defendants' collusion to deprive *pro se* of all discovery constitutes an unlawful conspiracy under *Dennis v. Sparks*, 449 U.S. 24 (1980).

53. By reason of the aforementioned acts, policies, practices, procedures, and/or customs created, adopted, and enforced under color of state law, Defendants have deprived David Hatchigian of his right to due process of law in violation of the Due Process Clause of the Fourteenth Amendment under 42 U.S.C. § 1983.

54. As a direct and proximate result of Defendants' violation of the Due Process Clause of the Fourteenth Amendment, Plaintiff has suffered irreparable harm, including the loss of his fundamental constitutional rights, entitling him to injunctive and declaratory relief, nominal and compensatory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff, David Hatchigian, demands damages in THE SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial.

## COUNT III – BREACH OF DUTIES

55. The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of Count II.

56. The Defendants breached settled duties to plaintiff, causing Plaintiff's damages.

57. Defendants' unreasonable and/or intentional conduct is actionable under 42 U.S.C.S. 1983.

58. Their willful disregard of David Hatchigian's rights was not protected by judicial immunity.

59. Defendants were negligent absent privity with Plaintiff, causing Plaintiff's damages.

WHEREFORE, Plaintiff, David Hatchigian, demands damages in THE SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial.

## COUNT IV – INJUNCTIVE RELIEF
### [Mardinly Parties]

60. The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of injunctive relief.

61. Plaintiff requests an injunction preventing the Mardinly Parties from further harassing Plaintiff in the future and while this federal case is pending.

62. The aforementioned conduct has necessitated injunctive relief to prevent future constitutional violations.

63. To deter Plaintiff from proceeding in the state proceedings, Defendants have continued, to date, to make false statements relating to the underlying matter and threatened Plaintiff with future harassment, civil complaints and other harms effecting other litigations.

WHEREFORE, Plaintiff, David Hatchigian, respectfully requests the entry of a permanent injunction against Defendant Mardinly and Mardinly Enterprises precluding them from engaging in conduct similar to the aforementioned conduct in the future.

## COUNT V – COMMON LAW FRAUD

### [ALL DEFENDANTS]

64. Plaintiff re-alleges and incorporates by reference the above paragraphs as if restated verbatim herein.

65. The Defendants engaged in intentional misrepresentation meant to deceive the prior courts, and, as intended by the Defendants, the state court was actually deceived, causing Plaintiff's damages.

WHEREFORE, Plaintiff, David Hatchigian, demands damages in the SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial

### COUNT VI
### PROFESSIONAL NEGLIGENCE
### [GIBSON & PERKINS P.C., FELLMAN, SIDDONS]

66. Plaintiff re-alleges and incorporates by reference the above paragraphs as if restated verbatim herein.

67. At all times relevant to this Complaint, the Defendants were on notice of the applicable law and the relevant facts.

68. In Pennsylvania, they had legal duties to nonclient Hatchigian absent contractual privity with Plaintiff which they recklessly breached.

WHEREFORE, Plaintiff, David Hatchigian, demands damages in THE SUM CERTAIN OF $25,000 or in an amount to be determined based on proofs at trial

### COUNT VII
### NEGLIGENT RETENTION AND SUPERVISION/VICARIOUS LIABILITY)
### [GIBSON & PERKINS P.C.]

69. Plaintiff re-alleges and incorporates by reference the above paragraphs as if restated verbatim herein.

70. In the state proceedings, attorney PAUL FELLMAN, ESQ. was under the direction, supervision and control of THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQ. and THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQ. has assumed liability for agent Fellman's negligence and fraud based on a principal-agent or master-servant relationship.

71. In the state proceedings, attorney MICHAEL ALAN SIDDONS, ESQ. was under the direction, supervision and control of GIBSON & PERKINS P.C.., and GIBSON & PERKINS P.C. has assumed liability for agent Siddon's negligence and fraud based on a principal-agent or master-servant relationship.

72. The employing law firms are vicariously liable for its agents' acts as herein alleged, subject to indemnification. See, for example, *Epstein v. Saul Ewing, LLP*, 7 A.3d 303 (Pa. Super. Ct. 2010)(Citing *Bernhardt v. Needleman*, 705 A.2d 875, 878-79 (Pa.Super.1997)("the attorney's law firm can be vicariously liable for conversion.' "); *Beyers v. Richmond*, 937 A.2d 1082, 594 Pa. 654 (Pa. 2007)(law firm vicariously liable for firm's associate's conversion of funds.)

73. As a direct and proximate result of the vicarious liability of the Defendants for the aforementioned negligence and fraud, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands that judgment be entered against THE LAW OFFICE OF MICHAEL ALAN SIDDONS, ESQ. and GIBSON & PERKINS P.C. in the nonduplicative SUM CERTAIN of $25,000.00, plus lost claim value plus costs to bring this action, including copying, legal research, litigation support, process server,

IT, and filing fees, and motion costs and the *pro se* equivalent of attorney's fees calculated at $115.00/hr. (See Local 98's rate sheet [EX. F].

## COUNT VIII
## PUNITIVE DAMAGES

74. The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of Count III.

75. The Defendants acted maliciously, recklessly, and with deliberate indifference to Plaintiff's constitutional rights.

76. Therefore Plaintiff is entitled to the maximum in punitive damages allowed by law.

## COUNT X – ATTORNEY'S FEES UNDER 42 U.S.C. § 1988

77. The above paragraphs are hereby incorporated as if reiterated verbatim herein in support of injunctive relief.

78. As this lawsuit is brought under 42 U.S.C. § 1983, Plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

79. Therefore, Plaintiff seeks full reimbursement for litigation costs and fees.

### e.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order:

a) GRANTING PLAINTIFF SUM CERTAIN OF ONE HUNDRED THOUSAND DOLLARS ($100,000)
b) Denying judicial immunity and allowing this case to proceed to trial against all Defendants;
c) Awarding damages against the Defendants jointly and severally;
d) Declaring that Defendants have violated Plaintiff's constitutional rights by depriving him of civil due process and access to discovery;
e) Preliminarily and permanently enjoining Defendants from further harassing and litigating against Plaintiff as described herein above;
f) Awarding punitive damages against the Defendants in the maximum permitted by law;
g) Awarding Plaintiff's litigation costs and the *pro se* equivalent of attorney's fees under 42 U.S.C. § 1988; and
h) Granting Plaintiff all such further relief as this Court deems just and proper.

                          **Respectfully submitted,**
                          *David Hatchigian*

                          **David Hatchigian,** *Pro se*
                          **2414 Township Line Road**
                          **Havertown, PA 19083-5236**
                          david3091@outlook.com
                          **610-446 -7257**

**March 28, 2025**

## VERIFICATION

I David Hatchigian, plaintiff, verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge, and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa. C.S.A., §4909 relating to unsworn falsification to authorities.

*David Hatchigian*
_____
David Hatchigian

March 28, 2025

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID HATCHIGIAN PRO-SE

**(b)** County of Residence of First Listed Plaintiff: **DELCO**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

### DEFENDANTS
JUDGE JOHN J. WHALEN, GIBSON & PERKINS P.C. PAULFELLMAN, ESQ, THE LAW FIRM OF MICHAEL

County of Residence of First Listed Defendant: **DELCO**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
ALAN SIDDONS, & MICHAEL ALAN SIDDONS, ESQ, MARDINLY ENTERPRISES, LLC, & DAVID MARDINLY

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | [X] 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1983 CIVIL WRIGHTS, VIOLATION OF DUE PROCESS, CIVIL CONSPIRACY, BREACH OF DUTIES, INJUNCTION RELIEF, COMMON LAW FR
Brief description of cause:
PROFESSIONAL NEGLIGENCE, NEGLIGENT RETENTION,

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: JOHN J. WHELAN
DOCKET NUMBER:

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE